Mississippi State Highway Commission *v.* Fisher, et al.

No. 42937          March 16, 1964          161 So. 2d 780

*Rupert Ringold,* Winona; *Bell & McBee,* Greenwood, for appellant.

*William Liston,* Winona, for appellee.

GILLESPIE, J.

The Mississippi State Highway Commission filed condemnation proceedings to condemn 2.07 acres of land off the west side of appellee's 97 acre cattle farm for use as a part of the right of way of Interstate Highway No. 55. In eminent domain court the jury awarded appellee the sum of $1250. The Commission appealed to circuit court where the jury awarded $1265. The Commission appealed to this Court.

The proof showed that in addition to taking the 2.07 acres of land appellee suffered other damages, including the taking of a fence making it necessary for appellee to build a new fence about a quarter mile long, damaging appellee's stock pond by taking nearly half its watershed so that it will probably dry up in dry spells, and by collecting water in the median strip between the two sets of traffic lanes and discharging it on appellee's improved pasture through a thirty-inch culvert, resulting in depositing sand or mud over the pasture.

The first assignment of error is that the verdict of the jury was contrary to the overwhelming weight of the evidence and so grossly excessive as to show bias and prejudice on the part of the jury. We find no merit in this contention. Discussion of the evidence would serve no useful purpose.

Appellant also assigns as error the giving on behalf of the landowner of the following instruction:

"The Court instructs the jury for the defendants that the burden of proof in this case is on the plaintiff (State Highway Department) throughout the trial of this case to show you by the greater weight of the more convincing evidence as to the amount of defendants' damages in this case; that is to say that if you believe from all of the evidence that the evidence offered on behalf of the defendant is just as strong and just as convincing as the evidence on behalf of the plaintiff, then the Court tells you that the plaintiff has failed to meet its burden of proof and that it will then become your duty to return a verdict for the defendant Fisher in such amount as you believe from all the evidence offered on both behalf of the plaintiff and the defendant and your observation of the land that will fully and completely compensate said defendant for the property taken and remaining property damage, if any, in this case."

The latter part of the instruction is somewhat different from the one in Miss. State Highway Commission v. Stout, 242 Miss. 208, 134 So. 2d 467. In *Stout* the jury was told to consider only the landowner's evidence, and the Court held the part of the instruction following the semicolon was "argumentative and confusing." The latter part of the instruction in the present case is not only confusing but amounts to comment on the weight of the evidence and should not have been given. In a closer case it would constitute reversible error. We hold under Rule 11, Revised Rules of the Supreme Court, that the error is not harmful in this case.

██ █ An understanding of the reason for and effect of the rule respecting the burden of proof with reference to damages in eminent domain cases makes it clear that the quoted instruction should not be given. The reason for placing the burden on the condemnor is that if it offers no evidence of the value of the property taken there is no basis for awarding any damage and there could be no compliance with Section 17, Mississippi Con-

stitution. Therefore, failure of condemnor to offer proof of the value of the property taken would require dismissal of the proceedings. 18 Am. Jur., Eminent Domain, Sec. 342.

It seems clear to us that the instruction in this case should not have been given. All argument on the weight and worth of evidence should be made by counsel. The court may not comment on the weight of the evidence. Sec. 1530, Miss. Code 1942.

Affirmed.

*Kyle, P. J., and Rodgers, Brady and Patterson, JJ.,* concur.