282 So.2d 232 (1973)
MISSISSIPPI STATE HIGHWAY COMMISSION
v.
Mrs. Saramel R. CROOKS.
No. 47184.
Supreme Court of Mississippi.
June 25, 1973.
Rehearing Denied September 24, 1973.
*233 Bourdeaux & Jones, Meridian, for appellant.
Adams & Odom, James T. Singley, Meridian, for appellee.
WALKER, Justice:
This is an appeal from the County Court of Lauderdale County, Mississippi, sitting as a special court of eminent domain, wherein appellee landowner was awarded $93,500 as damages resulting from the taking of 21.91 acres (18.76 acres in fee, 3.09 acres as permanent drainage easements and 0.06 of an acre as a temporary easement) out of a total tract of land consisting of 196.32 acres.
The total acreage is bisected by Tom Bailey Drive with 57.34 acres on the north side and 138.98 acres on the south side of Tom Bailey Drive. The property south of Tom Bailey Drive is located approximately 200 feet east of where 49th Avenue in the City of Meridian intersects with Tom Bailey Drive while the land to the north is about 800 feet east of that intersection. One hundred nineteen and ninety-six one-hundredths acres are actually within the City of Meridian and the remaining 75.36 acres are adjacent to the Meridian city limits.
Appellee's land to the north of Tom Bailey Drive is open, low land without improvements. It is in the flood plain of Sowashee Creek, the northern tract's western boundary. It is divided by a number of utility easements. These 57.34 acres north of Tom Bailey Drive do not presently abut thereon but are separated from it along the southern edge by a strip of land approximately 50 feet deep which runs east and west for about 1,500 feet, the width of appellee's land. This strip, conveyed to G.M. & O. Railroad by appellee's predecessors in title, presently serves as a railroad right-of-way over which was reserved for the landowner the right of egress and ingress at two places to Tom Bailey Drive. Appellant is taking this railroad right-of-way. Contiguous with and roughly parallel to the present railroad right-of-way, appellant is taking for a no access right-of-way a strip of land that runs east and west completely across these 57.34 acres. Just north of this no access right-of-way, appellant is taking land for a frontage road which will also run east and west across appellee's land, which road will be the southern boundary of the tract north of Tom Bailey Drive. To the west, appellant is taking a strip of land which extends along slightly more than one-half the length of the western boundary. Finally, to replace the above mentioned railroad right-of-way, appellant is taking an east-west strip approximately 100 feet deep which cuts completely across appellee's land north of Tom Bailey *234 Drive. This new railway road bed will be elevated 12 feet and a fence with a gate will be erected on each side of the new right-of-way. As to the 57.34 acres north of Tom Bailey Drive, the results are that after the taking there will be no direct access to and from Tom Bailey Drive, and the property that remains to appellee will be effectively cut in half into smaller tracts by the new railroad right-of-way.
The portion of the landowner's property south of Tom Bailey Drive, consisting of 138.98 acres, abuts thereon for a distance of 1,745.8 feet and has free, although difficult access thereto. In addition this land has access to 49th Avenue at two places. On this southern portion of appellee's property, Sowashee Creek and Gallager Creek come together, run southward for some distance and then turn west across and off the property. The land on either side of the creek is generally low and is also in the Sowashee flood plain. Approximately 75.36 acres of this tract of appellee's property is hilly, steep land as opposed to the other lands which are low. After the highway project is completed, appellee's access to Tom Bailey Drive on the south side thereof will be completely eliminated and access thereto will be from 49th Avenue on the west and from a short service drive at the northeast corner.
The area surrounding this property is generally industrial and in the area are such facilities as a fertilizer plant, the Flintkote plant, a railroad storage yard, the Meridian stockyard, a cresote plant, Hardin's Bakeries Pony Farm, Cadillac Discount Furniture Company and the Atlas Roofing Plant.
The jury viewed the property and had before them for their consideration the testimony of five witnesses as to the before and after value of the property and resulting damages. A chart of the values placed on the subject property by each of the witnesses is as follows:

 BEFORE AFTER
 VALUE VALUE DAMAGES
 APPELLANT'S WITNESSES:
 Wilbur Winstead $227,500.00 $174,000.00 $53,500.00
 H.M. Brunson 173,652.00 131,652.00 42,000.00
 APPELLEE'S WITNESSES:
 W.B. Crooks, Jr. 800,000.00 $400,000.00 $400.000.00
 (Appellee's husband)
 Mel Bounds 803,045.00 545,931.75 257,113.25
 S.A. Rosenbaum 498,675.00 339,375.00 159,300.00

The appellant complains of a number of errors as grounds for reversal, but we are of the opinion that only two of them warrant discussion.
First, appellant complains of the giving of the following instruction concerning the burden of proof:
INSTRUCTION NO. 5
The Court instructs the jury for the defendant that the burden of proof is on the State Highway Department on the issue of damages sustained by defendant by the taking of the land condemned.
We agree that this was not a proper instruction and that the court was in error in granting it. We point out that a similar instruction was condemned in Mississippi State Highway Commission v. Fisher, 249 Miss. 198, 161 So.2d 780 *235 (1964), wherein Justice Gillespie speaking for the Court, stated:
An understanding of the reason for and effect of the rule respecting the burden of proof with reference to damages in eminent domain cases makes it clear that the quoted instruction should not be given. The reason for placing the burden on the condemnor is that if it offers no evidence of the value of the property taken there is no basis for awarding any damage and there could be no compliance with Section 17, Mississippi Constitution. Therefore, failure of condemnor to offer proof of the value of the property taken would require dismissal of the proceedings. (249 Miss. at 201-202, 161 So.2d at 781).
The only burden on the condemnor is simply to go forward with enough evidence as to the damages suffered by the landowner to make out a prima facie case, and this burden is not a proper subject of an instruction to the jury. Whether the condemnor has made a prima facie case is a question of law to be determined by the court. After a prima facie case has been made out by the condemnor, then, if the landowner expects to receive more compensation than that shown, he must go forward with the evidence showing such damage. Neither burden is a proper subject for instructions to the jury.
Appellant also assigns as error the giving on behalf of the landowner of the following instruction:
INSTRUCTION NO. 7
The Court instructs the jury for the landowner that the changing of the shape, size or the severing of one parcel of land from the other is an element of damages to be considered by you if you believe that the said severing or changing of size affects the before and after fair market value of the lands remaining.
Although the above instruction is supported by the map placed in evidence as Exhibit Number 1 to the testimony of the witness Dale Ford for the Highway Commission in that the map shows the size and shape of the property before the taking and the size, shape and the severing of the property north of Tom Bailey Drive into two parcels after the taking, it nevertheless was erroneously granted as it is not proper to comment on any particular aspect of the damages in instructions in the ordinary eminent domain case. It was pointed out by Justice Brady in Mississippi State Highway Commission v. Hall, 252 Miss. 863, 174 So.2d 488 (1965), when condemning a similar instruction that:
The "before and after" rule swallows and absorbs all of the damages of every kind and character, and while it is proper to put on evidence of special items so that the jury can properly determine the "after" value, it is not proper to comment on any particular aspect of the damages in the instructions. Few, if any, attorneys are immune from the occupational hazard of committing errors in drafting of instructions. Particularly is this true when the instructions are prepared under pressure of time or in the crisis of a trial, when cool, analytical chambered reflection is improbable. Apparently this occupational mischief has again occurred here. In the hope that it may be avoided in the future, we point out that there is a lucid discussion in the Stout case of the error in presenting to the jury an instruction such as is under consideration here. In the Stout case the court, speaking through Justice Gillespie, made this succinct synopsis of the pertinent rule of law:
"The before and after taking rule is the ultimate measure of damages. It is not proper to prove as a separate item of damage any item, quality or specific injury; but this does not mean that a witness may not testify concerning any specific quality, item, or specific injury which affects the depreciated market value. `Although every factor affecting a depreciated *236 market value may be put in evidence, the ultimate issue is the extent of their cumulative impact upon such total valuation.' Wheeler v. Mississippi State Highway Commission, 212 Miss. 606, 55 So.2d 225." (242 Miss. at 219-200, 134 So.2d at 471.)
......
"`It should repeatedly be emphasized that subjects which are relevant as testimony are not thereby appropriate for instructions. Although every factor affecting a depreciated market value may be put in evidence, the ultimate issue is the extent of their cumulative impact upon such total valuation. When they are made subjects of special comment in instructions, there is not only a violation of Code of 1942, Section 1530, but this results in duplication of damages... . and the procedure in this sort of case would be simpler and safer if the juries could be instructed that the damage is to be computed upon the basis of the difference between the fair market value of the entire property affected before and after the taking. The several items of damage should be left to the fields of testimony and argument.' Wheeler v. Mississippi State Highway Commission, 212 Miss. 606, 55 So.2d 225, 227." (242 Miss. at 221-222, 134 So.2d at 472.) [252 Miss. at 874-876, 174 So.2d at 492-493.]
Although we are of the opinion that the giving of the above instructions constituted error, we are of the opinion, considering all of the instructions together, that the jury was fairly instructed and under the facts of this case the giving of said instructions was harmless. Under Rule 11 of the revised rules of the Supreme Court there is no reversible error.
The case was ably presented and hard fought by both sides. The jury did not accept the amount of damages testified to by the appraisers of the owners or the condemnor, but after viewing the property and weighing all of the evidence before it, arrived at what we find to be a fair verdict. After considering the extremely large size of the total tract of land, the amount that is being taken, and the depreciation resulting from the taking of the right of direct access to Tom Bailey Drive, we are unable to say that the verdict evidenced bias, passion or prejudice or that the jury failed to respond to reason. Therefore, the judgment of the lower court is affirmed.
Affirmed.
RODGERS, P.J., and INZER, ROBERTSON and BROOM, JJ., concur.