912 So.2d 1118 (2005)
NORTH BILOXI DEVELOPMENT CO., L.L.C., f/k/a Highway 67 Development Co., L.L.C., Appellant
v.
MISSISSIPPI TRANSPORTATION COMMISSION, Appellee.
No. 2004-CA-00781-COA.
Court of Appeals of Mississippi.
October 18, 2005.
*1121 Virgil G. Gillespie, Gulfport, attorney for appellant.
Jack Homer Pittman, Hattiesburg, attorney for appellee.
EN BANC.
KING, C.J., for the Court.
¶ 1. This appeal comes to this Court from the Special Court of Eminent Domain of the Second Judicial District of Harrison County. The landowner, North Biloxi Development Co., LLC, disputes the amount awarded to it by a jury for about seventy-two acres its property taken by eminent domain by the Mississippi Transportation Commission for construction of a highway. North Biloxi Development Co., LLC appeals and asserts the following errors:
I. Whether the trial court erred in granting instruction No. P-2 over the objection of the appellant.
II. Whether the trial court erred in granting instruction No. P-4 over the objection of the appellant.
III. Whether the trial court erred in granting instruction No. P-5 over the objection of the appellant.
IV. Whether the trial court erred in granting instruction No. P-6 over the objection of the appellant.
V. Whether the trial court erred in failing to grant instruction No. D-6 in favor of the appellant.
VI. Whether the trial court erred in allowing the jury to hear testimony less than the sum of $594,700, which was the amount of the original statement of value and the approved appraisal. This question was presented to the court at various times throughout the court and the court consistently held against the appellant in this regard.
VII. Whether the trial court erred in its ruling on the motion to limit filed by the appellant prior to trial regarding the appellee's use or nonuse of timber values in the appraisal.
VIII. Whether the trial court erred in overruling the appellant's motion for new trial.
Finding no error, we affirm.

FACTS
¶ 2. On August 2, 2001, the Mississippi Transportation Commission, (MTC), filed a complaint to condemn about seventy-two acres owned by North Biloxi Development Company, LLC (North Biloxi Development) in Harrison County for construction of a new highway from Interstate-10 to the Cowan-Lorraine Road Extension. MTC sought 71.814 acres for the project of North Biloxi Development's total acreage of 987.952. The acquisition also included limiting access to and from the new highway except in seven designated locations.
¶ 3. On the date of the taking, August 2, 2001, North Biloxi Development's land was in a single contiguous parcel undivided except that Mississippi Highway 15 ran *1122 through the easternmost part of the land placing approximately 16 acres on the east side of Highway 15 and the rest of the property on the west side. The MTC taking made an arc through the landowner's property dividing it into six separate and non-contiguous parcels. The nearly 988 acres of the landowner was located approximately two miles north of Interstate-10 and near the city limits of Biloxi and D'Iberville. Twenty eight acres of the approximate seventy-two acres of land to be taken by MTC was wetlands. North Biloxi Development total wetlands acreage is 347.
¶ 4. Shortly after August 2, 2001, the date of the taking, the court-appointed appraiser, Jeanne S. Adams of Gulfport, placed the value of the property at $323,000. On October 18, 2001, a quick take order was entered by the court giving MTC title to the property and the right of immediate possession. On November 16, 2001, MTC deposited a total of $589,515 into the registry of the Circuit Clerk of Harrison County for the quick take. The court allowed $1,000 of the funds to be paid to the court-ordered appraiser. By order filed January 3, 2002, the court directed the clerk to disburse $588,515 and any accrued interest to Gulfport attorney Virgil G. Gillespie, in trust, in order to obtain a release of a deed of trust on the property held by Peoples Bank of Biloxi, and upon such release being obtained the court ordered to disburse the balance of the funds to North Biloxi Development. (Peoples Bank and Lyle M. Page, trustee under the deed of trust, had been originally named as defendants.)
¶ 5. On August 16, 2002, MTC filed its statement of value, pursuant to Mississippi Code Annotated section 11-27-7 (Rev.2004), placing the fair market value of the property at the date of the taking at $461,865 with damages to the remainder of the property valued at $132,835 for a total compensation to the landowner of $594,700. The statement listed the elements of damages as "proximity damages." The statement said the highest and best use of the property was for residential development.
¶ 6. On January 14, 2003, MTC filed an amended statement of value placing the fair market value of the property at $461,860 and damages to the remainder at $6,365 for a total compensation of $468,225. The amended statement listed the elements of damage as "loss in value due to shape and uneconomic remnant." On April 29, 2003, MTC filed a second amended statement of value placing the fair market value of the acreage to be taken at $462,735, with damages to the remainder at $6,365, for a total compensation of $469,100. The second amended statement of value listed the elements of damage as "proximity damage." (The reasons for changes in MTC's statement of value will be set out in our discussion of the issues.) MTC's statement said the highest and best use for the property was residential development. On February 4, 2004, North Biloxi Development filed its statement of value placing the fair market value of the property to be taken at $466,791 and damage to the remainder at $1,488,485 for a total compensation of $1,955,276. The landowner listed the elements of damages as "severance, dividing the property into smaller parcels, taking the high ground of the property, increase in wetlands factor, decrease in highlands, market diminution in value, and other depreciation factors resulting from a severance and taking of this nature and magnitude." The statement said the highest and best use of the land was for a residential subdivision or golf course/residential development.
¶ 7. On May 8, 2003, an order was entered dismissing the Peoples Bank from *1123 the action since the bank had no further interest in the property and adding BankcorpSouth and J. Patrick Caldwell as defendants due to a deed of trust on the property recorded on October 11, 2001.
¶ 8. On May 9, 2003, the three judges of the County Court of Harrison County recused themselves because two of the litigants, William L. Guice, III, and Bobby G. O'Barr, were members of the bar practicing before the county court. T. Larry Wilson of Pascagoula was appointed to preside over the case.
¶ 9. A two-day trial began on February 18, 2004, before twelve jurors. The second day of trial the jury was taken to view the property. Construction on the new highway had already begun. Following the viewing, MTC called three witnesses, Bradley K. Anderson, project engineer for the Mississippi Department of Transportation (MDOT); Charles Walters, an environmental scientist; and William B. Milton, a real estate appraiser who had twenty-five years of prior experience with MDOT. Milton testified that the value of North Biloxi Development's total acreage (987.952 acres) before the taking was $5,977,110, and he said the value of the remaining 914.171 acres after the taking was $5,536,270. Milton testified that the fair market value of the property taken by MTC was the difference in the before value and the after value or $440,840. The landowner called but one witness, J. Daniel Schroeder, a certified general appraiser from Biloxi. Schroeder testified that the before value of North Biloxi Development's acreage was $6,421,688 and the after value was $4,466,411.95 with the difference between the two being $1,955,276 which he said was just compensation. The jury returned a verdict in the amount of $572,221.14 as just compensation to North Biloxi Development for MTC's acquisition of about seventy two acres of its property. A final judgment was entered on April 8, 2004. North Biloxi Development's motion for a new trial was denied and this appeal ensued. Further facts will be set out during the discussion of the issues.

ISSUES AND ANALYSIS

ISSUES I., II., III., AND IV.

Whether the trial court erred in granting instructions No. P-2, P-4, P-5 and P-6 over the objection of the appellant
¶ 10. Because issues I., II., III., and IV. deal with instructions given to the jury over the objection of North Biloxi Development, we will address these four assignments of error together.
¶ 11. The standard of review which we employ when reviewing jury instructions on appeal is that we must read the instructions as a whole. Entergy Mississippi, Inc. v. Bolden, 854 So.2d 1051, 1054(¶ 6) (Miss.2003). An instruction that incorrectly states the law, is covered fairly in another instruction or is without foundation in the evidence need not be given. Heidel v. State, 587 So.2d 835, 842 (Miss.1991). The main query we make when reviewing jury instructions is whether (1) the jury instruction contains a correct statement of the law and (2) whether the instruction is warranted by the evidence. Seigfried v. State, 869 So.2d 1040, 1044(¶ 11) (Miss.Ct.App.2003).

(a) Jury Instruction P-2
¶ 12. North Biloxi Development alleges that the trial court erred in granting MTC's Jury Instruction P-2[1]. The *1124 landowner contends that it was unnecessary for the jury to be told there was a deposit of funds for the benefit of the landowner. It argues that the instruction was confusing in that by telling the jury that there had been a deposit of funds for the landowner, the instruction implied that the landowner had already received some money over and above what the jury may award. North Biloxi Development asserts that because of the instruction, the jury would base its opinion on speculation and conjecture.
¶ 13. Instruction P-2 outlines the statutory authority of MTC to secure land for highway purposes and instructs the jury that MTC had already gained title and possession of the property by an October 18, 2001, order of the court. Further the instruction tells the jury that in its decision to award compensation, it should not consider the fact that MTC had already acquired the property and had begun construction of the new highway.
¶ 14. We find no error in this instruction. On the second day of trial the jury was taken to the property to view it in accordance with Mississippi Code Annotated section 11-27-19 (Rev.2004). Instruction P-2 was necessary to explain the authority of MTC to take a property by eminent domain and was a correct statement of the so-called "quick take law," Mississippi Code Annotated §§ 11-27-81 to -91 (Rev.2004). The fact that the instruction tells the jury that there had been a deposit of funds for the benefit of the landowner by MTC is no more than a summary of Mississippi Code Annotated § 11-27-85(2) (Rev.2004). That section states that the party seeking to take the property by eminent domain must deposit with the clerk of court eight-five percent of the value of the property as determined by the court-appointed appraiser in order to obtain title to the property and the right of immediate entry onto it. It is true, as North Biloxi Development points out, that the October 18, 2001, date used in the instruction was not the date of the taking, that date being August 2, 2001. However, the instruction only references October 18, 2001, as the date when the quick take order was entered by the court in favor of MTC and does not imply or state that the date should be used by the jury as the date for determining a valuation of the property. The instruction provided a correct statement of the statutory procedure involved in eminent domain and instructed the jury that in its consideration of damages after it viewed the property the jury was not to consider the fact that MTC was already on the property working on the new highway.
¶ 15. North Biloxi Development's argument, that Instruction P-2 should have been refused because it implies that the landowner has already received some funds and thus the jury would be mislead, lacks merit. North Biloxi Development's Instruction D-5 instructs the jury that North Biloxi Development is entitled "to recover just compensation in this cause, and it devolves upon [the jury to] honestly and impartially determine the sum thereof, according to the evidence adduced at trial, the weight and credibility of which you are the sole judge." Instruction D-5 further states that North Biloxi Development is entitled to "just compensation, not only for *1125 the value of the property to be actually taken," . . . but also for damages "which may result as a consequence of the taking." Instruction D-5 told the jury that it was not to deduct anything because of the supposed benefits incident to the public use for which the taking was made. We note also that the jury was told in opening statements and in final arguments and in the testimony about the established minimum and maximum amounts that it could award to North Biloxi Development.
¶ 16. When all of these facts are considered, we find that Instruction P-2 was a correct statement of the law and was warranted by the trial evidence. Thus we find no error in this instruction.

(b) Jury Instruction P-4
¶ 17. North Biloxi Development argues that Instruction P-4[2] should not have been given because it provided comment on a specific element of damages. The landowner argues that the instruction was faulty as a matter of law because it was an improper comment on a particular aspect of the damages, "reasonable access." According to North Biloxi Development the instruction does not instruct the jury as to what "reasonable access" is and does not tell the jury that the determination of "reasonable access" is a fact to be determined by expert testimony. The landowner cites Mississippi State Highway Comm'n v. Crooks, 282 So.2d 232, 235 (Miss.1973) in support of its argument. In Crooks the court reviewed an instruction which told the jury that changing the size and shape and severing one parcel of land from the other was an element of damages and the jury could award damages if it believed that the changes in the land affected the before and after fair market value of land. Id. The court said that the before and after taking rule is the ultimate measure of damages in an eminent domain case. Id. (citing Mississippi State Highway Comm'n v. Hall, 252 Miss. 863, 174 So.2d 488 (1965)). The Crooks court found that the giving of the instruction was in error, but it held that when considering all of the instructions together and the fact that the jury had been properly instructed, the giving of the instruction was merely harmless error.
¶ 18. Instruction P-4 tells the jury that where access to the property is altered and the landowner is left with reasonable access to the rest of its property, no damages should be awarded by the jury to North Biloxi Development for the alteration in its access.
¶ 19. MTC cites Maples v. Mississippi State Highway Comm'n, 617 So.2d 265 (Miss.1993) in support of giving the instruction. In Maples the landowner argued that an instruction was confusing and misleading that instructed the jury that in assessing the landowner's damages "the jury shall not consider any elements of inconvenience or other elements [of damages] which are speculative and remote." The court held that any error in granting the instruction was harmless because the jury was obviously not mislead because its award contained several thousand dollars as compensation for the landowner's loss of access. Id. at 270. In essence the Maples court allowed the jury to determine the reasonableness of access and to assess damages based upon that reasonableness.
¶ 20. We find that Instruction P-4 was an accurate statement of the law as set out *1126 in Maples. The record shows that after the taking North Biloxi Development was left with seven access points from the new highway to its remaining property. As in Maples, the jury had to decide whether there was reasonable access left to the property in its "after" condition. North Biloxi Development's expert appraiser, Schroeder, testified that there were damages to the "after" property based on restriction of access. The jury awarded North Biloxi Development several thousand dollars more than what MTC offered it which indicates to us that the jury did award some damages for the lack of access. We find no error in the giving of Instruction P-4.

(c) Jury Instruction P-5
¶ 21. North Biloxi Development next contends that Instruction P-5[3] should not have been given. It argues that the giving of Instruction P-5 is the error in this appeal "that cannot be overlooked" because the statement in the instruction to "disregard" testimony goes beyond the jury's role which instead belongs to the trial court exercising its gatekeeper role to determine whether expert testimony is relevant and reliable. In support of its argument North Biloxi Development cites Mississippi Transp. Comm'n v. McLemore, 863 So.2d 31, 36-7(¶ 25) (Miss.2003) for the proposition that the trial court is vested with a "gatekeeping responsibility" regarding the admission of expert testimony. The landowner states that since the decision in McLemore a jury cannot be instructed to "disregard testimony" since such an instruction invades the gatekeeping function of the trial court.
¶ 22. Instruction P-5 instructs the jury to determine the credibility of the appraisers for both MTC and North Biloxi Development, including assessing whether there was speculation and guesswork involved in making their appraisals or whether the appraisals were the result of reliable principles and methods. The supreme court has held that in eminent domain cases, "[t]he jury may disregard the testimony of a witness whose testimony the jury has reasonable grounds to believe is worthless." Warren County v. Harris, 211 Miss. 80, 88, 50 So.2d 918, 920 (1951). Both parties presented evidence by way of experts of the appraised value of the property. We note that the instruction did not say which expert testimony to disregard. Further Instruction P-6, which will be discussed in detail infra, instructed the jury that it was the sole judge of the weight and credibility of the evidence and of the evidence's reasonableness. We find that Instruction P-5 when read together with Instruction P-6 contains a correct statement of the law. Therefore, we find no merit to this issue.

(d) Jury Instruction P-6
¶ 23. North Biloxi Development next contends that Instruction P-6[4] was improperly granted because it required the *1127 applicability of the "before and after rule," that the landowner claims was incorrectly given in Instruction P-3. The landowner states in its reply brief that Instruction P-6 "is quite frankly about as bad a worded instruction as can be given on how the jury is to arrive at its verdict." The crux of North Biloxi Development's argument is that because Instruction P-3, which set out the before and after rule, was so poorly worded, the jury would not have been able to understand Instruction P-6 which references the before and after rule.
¶ 24. First we note that North Biloxi Development made no objection at trial to the offending Instruction P-3 which it now claims when read together with Instruction P-6 confused the jury. Our well-settled doctrine is that the issue of an erroneous jury instruction is deemed waived for appeal unless there is a contemporaneous objection made to the instruction at the trial. HWCC-Tunica, Inc. v. Jenkins, 907 So.2d 941, 944(¶ 7) (Miss.2005). Secondly the landowner failed to cite any authority for its position. The failure to offer any legal authorities to support an alleged error may act as a procedural bar to our consideration of the error. Murphy v. State, 798 So.2d 609, 616(¶ 26) (Miss.Ct.App.2001). For all of the foregoing reasons, we decline to find error in the giving of Instruction P-6. This error is without merit.

ISSUE V.

Whether the trial court erred in failing to grant instruction No. D-6 in favor of the appellant
¶ 25. North Biloxi Development contends that the denial of its Instruction D-6[5] denied the jury the right to know that the eminent domain proceeding was the only time in which the landowner would be paid for its property. The landowner cites Mississippi State Highway Comm'n v. Spencer, 209 So.2d 821, 824 (Miss.1968) for its position. Spencer, however, is readily distinguishable from the case sub judice. The court in Spencer upheld the giving of an instruction which told the jury in part that the landowner would receive no other recovery at a later date. Id. at 824. However, the reason the Spencer court approved the instruction was because the eminent domain taking involved was for a two-phase project and the highway commission's engineer testified that it was not known if and when the second phase of the project would be done. Id. The testimony in the case at bar was that the taking was a one-time project for the highway construction. There was no evidence that any future or latent damages would result because of the acquisition of the property.
¶ 26. A party is entitled to have the jury instructed regarding a genuine issue of material fact, as long as there is credible evidence in the record which will support the instruction. Southland Enters., Inc. v. Newton County, 838 So.2d 286, 289(¶ 8) (Miss.2003). However, it is error to grant an instruction which is likely to mislead or confuse the jury as to the principles of law which are applicable to the facts in evidence. Id at (¶ 9). In denying the instruction the trial court ruled that Instruction D-6 was too confusing and had no basis in the record. We *1128 agree. After a review of the testimony, we find that there was no reference to any future or latent effects the acquisition might have on the landowner's property. Also the instruction tells the jury that "no recovery" to the landowners will be allowed for the taking at a later date. This instruction could be interpreted by the jury to mean that MTC could take additional property from North Biloxi Development without paying the landowner any additional compensation. Such an interpretation would be erroneous and thus the jury could be confused. We find that the trial court was correct in rejecting the instruction. Therefore, we find no merit to this error.

ISSUE VI.

Whether the court erred in allowing the jury to hear testimony less than the sum of $594,700, which was the amount of the original statement of value and the approved appraisal. This question was presented to the court at various times throughout the court and the court consistently held against the appellant in this regard.
¶ 27. North Biloxi Development contends that the trial court erred in allowing the jury to hear testimony by MTC of a value for the property less than the sum of $594,000, the valuation listed by MTC in its original statement of value filed on August 16, 2002. The landowner contends that under the Real Property Acquisition Policies Law, Mississippi Code Annotated §§ 43-37-1 to -13 (Rev.2004), MTC could not pay the landowner an amount which was less than the deposited amount, unless it was due to physical deterioration of the property which was within the reasonable control of the owner. North Biloxi Development states that MTC should be bound by the original statement of value placing the value of the seventy two acres at $594,000.
¶ 28. In its brief North Biloxi Development makes an impassioned argument regarding the limitation of the sovereign's power of eminent domain as measured against a citizen's right to own and enjoy his or her property.
¶ 29. Our Constitution provides: "Private property shall not be taken or damaged for public use, except on due compensation being made to the owner or owners thereof." ... Miss. Const. Art. 3 § 17 (1890). We agree with North Biloxi Development's statements that when an owner's land is taken for a public use by the sovereign, the owner is entitled to "full payment for it" and that a property owner in an eminent domain civil action should receive a payment of "just compensation." King v. Vicksburg Ry. & Light Co., 88 Miss. 456, 42 So. 204 (1906).
¶ 30. Also we recognize that due compensation in eminent domain cases means "fair market value." Potters II v. State Highway Comm'n, 608 So.2d 1227, 1231 (Miss.1992). In Potters II the supreme court defined fair market value as the "sales price that would be negotiated between knowledgeable and self-interested persons, one who wants to purchase and one who wants to sell, the seller being under no obligation or compulsion to sell, and the buyer being under no necessity of having the property." Id.
¶ 31. With these principles in mind, we turn to North Biloxi Development's argument that MTC should be bound by its original statement of value of $594,000, and that it was error for the trial court to allow the jury to consider an award of less.
¶ 32. By statute in an eminent domain civil action, a statement of value "shall be treated as pleadings are treated in civil *1129 actions in circuit court." Miss.Code Ann. § 11-27-7 (Rev.2004).
¶ 33. After the filing of the civil action in August 2001 MTC changed the amount of land to be taken and added extra access to a portion it sought to take. MTC's expert appraiser Milton, testified that the $594,000 appraisal was based on the original legal description for the acquisition in 2001. By an agreed order dated April 22, 2003, MTC amended the legal description to add the addition amount of property to be taken and to show the addition of extra access to a portion of North Biloxi Development's remaining property. Because of the changes in the legal description and the extra access, a second appraisal was necessary. We believe that to require MTC to testify to an amount based on an incorrect legal description would potentially allow North Biloxi Development to recover an amount greater than fair market value. The jury heard expert testimony regarding the changes made in the statement of value of the landowner's property and were given the reasons why the valuation was reduced. The jury had full knowledge of the reasons for the change in valuations when it returned a verdict for North Biloxi Development in the amount of $572,221 instead of the $594,700 set out in MTC's original statement of value. Thus we find that the trial court committed no reversible error in its decision to admit testimony on the valuations. This error is without merit.

ISSUE VII.

Whether the trial court erred in its ruling on the motion to limit filed by the appellant prior to trial regarding the appellee's use or non use of timber values in the appraisal
¶ 34. In this error North Biloxi Development objects to the way MTC's appraiser added timber value to its appraisal. North Biloxi Development offers no authority in support of its argument, and pursuant to M.R.A.P. 28(a)(6) we decline to address it. Williams v. State, 708 So.2d 1358 (¶ 12-3) (Miss.1998). However, we note that the record shows that the landowner got exactly what it asked for regarding the timber values. At the beginning of the trial the landowner objected to including the amount of timber value in MTC's appraisal, a value which totaled $28,260. The testimony was that the timber value was based upon a cruise of the timber in the acquisition area only. The landowner objected to the inclusion of timber values and the court sustained the objection. MTC then moved to amend its statement of value in accordance with the trial judge's ruling and the motion was granted and the timber values were excluded.

ISSUE VIII.

Whether the trial court erred in overruling the appellant's motion for new trial
¶ 35. Finally, North Biloxi Development contends that the trial court erred in overruling its motion for a new trial. This Court applies an abuse of discretion standard to the review of a trial court's denial of a motion for new trial. Allstate Ins. Co. v. McGory, 697 So.2d 1171, 1174(¶ 13) (Miss.1997). In evaluating the trial court's decision, we review the credible evidence in the light most favorable to the non-moving party, and generally take the credible evidence supporting the claims or defenses of the non-moving party as true. Green v. Grant, 641 So.2d 1203, 1207 (Miss.1994). When the evidence is so viewed, this Court will reverse only when, upon a review of the entire record, we are left "with a firm and definite conviction that the verdict, if allowed to stand, would work a miscarriage of justice." *1130 Griffin v. McKenney, 877 So.2d 425, 446(¶ 74) (Miss.Ct.App.2003). In eminent domain cases the supreme court has stated that the standard of review of a jury verdict is that a new trial will not be ordered unless the verdict is so at variance with the evidence as to "shock the conscience of the court." Mississippi Transp. Comm'n v. Bridgforth, 709 So.2d 430, 441 (¶ 35) (Miss.1998). "We are particularly loathe to disturb a jury's eminent domain award where, as here, the jury personally viewed the premises." Id.
¶ 36. Expert testimony was presented on behalf of each party regarding the value of the property. "The jury is charged with the responsibility of weighing and considering conflicting evidence, evaluating the credibility of witnesses, and determining whose testimony should be believed." Smith v. State, 821 So.2d 908(¶ 4) (Miss.Ct.App.2002). Accordingly, we find that the evidence in this case was sufficient to support the verdict and that this error is without merit.
¶ 37. THE JUDGMENT OF THE SPECIAL COURT OF EMINENT DOMAIN OF THE SECOND JUDICIAL DISTRICT OF HARRISON COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
BRIDGES AND LEE, P.JJ., IRVING, MYERS, CHANDLER, GRIFFIS, AND BARNES, JJ. CONCUR. ISHEE, J., NOT PARTICIPATING.
NOTES
[1] Jury Instruction P-2 reads as follows:

"The Mississippi Transportation Commission is entitled to acquire property for Highway purposes through statutory procedures and the deposit of funds for the benefit of the landowner as ordered by the Court. In this case, the Mississippi Transportation Commission was awarded title and possession of the property on October 18, 2001, by Order of this Court. In your decision to award just compensation, you shall not consider the fact that the Mississippi Transportation Commission has acquired the subject property and begun construction of the new highway."
[2] "Jury Instruction P-4 reads as follows:

"The Court instructs the Jury that where access to the subject property is altered, and Defendant is left with reasonable access to its remaining property, then no damages should be awarded to Defendant for such alteration in access."
[3] Jury Instruction P-5 reads as follows:

"The Court instructs the Jury that an appraiser's testimony as it relates to damages and fair market value of the subject property must be based upon sufficient facts or data, be the product of reliable principles and methods, and not based on speculation or guesswork of the appraiser. If it is your opinion that any part of an appraiser's testimony in this case was not supported by sufficient facts or data, or was not the product of reliable principles or methods, you should disregard any such testimony of that appraiser."
[4] "Jury Instruction P-6 reads as follows:

"The Court instructs the Jury that in arriving at your verdict, you must take into consideration all of the evidence in this case, including observations made by you as jurors when you viewed the land; and, that you are the sole judges of the weight and credibility of the evidence and its reasonableness, and that while it is your duty to award Defendants a verdict, the measure of damages and the amount of the verdict to be awarded must not exceed what you have determined to be the fair market value of Defendant's property on August 2, 2001, based on proper application of the before and after rule."
[5] Jury Instruction D-6 reads as follows:

"The Court instructs the Jury that no recovery at a later date will be permitted to the Defendant/Landowner, North Biloxi Development Co., L.L.C., as a result of the taking of its land for the relocation of Highway 67, as shown by the evidence."