953 So.2d 1163 (2007)
James W. MARTIN, and Wife, Mae A. Martin and Martin Outdoor Advertising, Inc., Appellants
v.
MISSISSIPPI TRANSPORTATION COMMISSION, Appellee.
No. 2005-CA-02287-COA.
Court of Appeals of Mississippi.
April 10, 2007.
*1164 Mark D. Herbert, Lisa Anderson Reppeto, Jackson, attorneys for appellants.
John McNeil, James T. Metz, attorneys for appellee.
Before KING, C.J., IRVING and GRIFFIS, JJ.
GRIFFIS, J., for the Court.
¶ 1. James Martin, Mae Martin, and Martin Outdoor Advertising, Inc. appeal a jury verdict rendered in an eminent domain *1165 action brought by the Mississippi Transportation Commission ("MTC"). On appeal, the Martins and Martin Outdoor argue that: (1) the MTC failed to meet its burden of proof; (2) the jury improperly engaged in speculation; (3) they are entitled to an additur; or (4) in the absence of an additur a new trial is warranted. We find error and affirm in part and reverse and remand in part.

FACTS
¶ 2. On November 6, 2002, the MTC filed an eminent domain action and sought to condemn the real property owned by the Martins and any leasehold interests, which included two sign structures owned by Martin Outdoors in Senatobia. MTC proceeded to gain title to the land and one of the advertising signs by quick-take method. See Miss.Code Ann. § 11-27-81 (Rev.2004)
¶ 3. At the trial, MTC presented the testimony of two witnesses for its case-in-chief. Daniel Norris was the project engineer for the construction of a new four-lane highway that would connect with Interstate 55. Norris identified the portion of the Martins' and Martin Outdoors' property needed to be acquired for the new interchange.
¶ 4. William Wiseman testified as MTC's sole expert on valuation. It is Wiseman's testimony that is the subject of this appeal. Wiseman was certified, by the court, as an expert in real estate appraisal. He then testified that the value of the land taken was $12,700 and value of the billboards was $65,100.
¶ 5. As to the value of the land, Wiseman testified that he considered the various approaches for the appraisal of real property, i.e., the income approach, the cost approach, and the sales comparison approach. Wiseman determined that the sales comparison approach was appropriate. To arrive at a valuation, Wiseman compared different properties from the surrounding area to arrive at his value of $12,700. During cross-examination, Wiseman was questioned why he did not use the income approach, since the property was an income producing property due to the different leases to Martin Outdoor. Wiseman stated that since there was only one lease for the entire property, the lease would continue after the taking. The Martins and Martin Outdoor established that there were actually two different leases for the sign sites. Each billboard had its own lease that was site specific and terminated with the removal of the sign. After being confronted with this information, Wiseman testified that he would not accept his own appraised price.
¶ 6. Wiseman's testimony on the value of the billboards relied on an oral quote he obtained from Memphis Sign Erectors. Wiseman testified that he called Memphis Sign Erectors and was told that the price to construct each sign would be $42,000. Wiseman then reduced the value by the depreciation of each sign according to the age of the sign, ten years and eight years respectively. Wiseman then determined that the ten-year-old sign was valued at $31,500 and the newer sign was valued at $33,600. During cross-examination Wiseman admitted that the value of the signs was based solely on the verbal quote he obtained from a third party, Memphis Sign Erectors, and his calculation of depreciation based on that quote.
¶ 7. At the end of Wiseman's testimony, the Martins and Martin Outdoors moved to strike Wiseman's testimony. They argued that Wiseman was not an expert in the valuation of outdoor signs and that he was merely quoting another expert's opinion on the value of the sign. The trial judge overruled the motion and stated that *1166 the quote was something upon which experts normally relied.
¶ 8. The Martins and Martin Outdoor offered testimony from expert witnesses that just compensation for the taking amounted to $565,847, representing $177,447 damage to the real property, $188,000 for the ten-year-old sign, and $200,400 for the eight-year-old sign.
¶ 9. The jury returned a verdict that awarded the Martins and Martin Outdoor compensation for the real estate taken in the amount of $36,000 and compensation for both signs taken in the amount of $120,000. The Martins and Martin Outdoor filed a motion for judgment notwithstanding the verdict, for additur, or in the alternative to alter or amend the judgment, or in the alternative for a new trial, which the court denied. Their appeal has been deflected to this Court for review.

ANALYSIS
I. MTC failed to meet its burden of proof
¶ 10. The burden of proof in an eminent domain case is unique, because the government is depriving the citizen of his or her property. Sarphie v. Mississippi State Highway Comm'n, 275 So.2d 381, 383 (Miss.1973). Therefore, the State has the "non-delegable" burden to establish a prima facie case of the value of the property taken. Id. If the condemnor fails to establish the prima facie case, a dismissal of the proceedings would be required. Mississippi State Highway Comm'n v. Fisher, 249 Miss. 198, 201-02, 161 So.2d 780, 781 (1964). The supreme court explained that "[t]he reason for placing the burden on the condemnor is that if it offers no evidence of the value of the property taken there is no basis for awarding any damages and there could be no compliance with Section 17, Mississippi Constitution." Id. After a prima facie case has been established, if the party whose property is being condemned desires to receive greater compensation, then it must present evidence of a higher valuation. Ellis v. Mississippi State Highway Comm'n, 487 So.2d 1339, 1342 (Miss.1986).
¶ 11. The Martins and Martin Outdoors argue that MTC failed to present competent evidence as to the value of the signs or the land. Therefore, they conclude that MTC failed to establish a prima facie case as required in an eminent domain action. This issue centers on the evidence MTC offered to establish the property's value. The Martins and Martin Outdoor claim that Wiseman's testimony was inadmissible.
¶ 12. The standard of review for the admission or suppression of evidence is abuse of discretion. Mississippi Transp. Comm'n v. McLemore, 863 So.2d 31, 34(¶ 4) (Miss.2003) (citing Haggerty v. Foster, 838 So.2d 948, 958(¶ 25) (Miss.2002)). Further, the decision of the trial court must stand "unless we conclude that the discretion was arbitrary and clearly erroneous, amounting to an abuse of discretion." McLemore, 863 So.2d at 34(¶ 4) (citing Puckett v. State, 737 So.2d 322, 342(¶ 57) (Miss.1999)). Therefore, the Martins and Martin Outdoor have a heavy burden to overcome.
A. Evidence as to the value of the signs
¶ 13. Wiseman was MTC's sole expert on valuation. Martin Outdoor argues that Wiseman was not an expert in valuing outdoor advertising signs and that his testimony was merely a conduit for another expert's statement. After cross-examination of Wiseman during voir dire, the following discussion took place among the court, MTC's counsel (Howie), and Martin Outdoor's counsel (Herbert):

*1167 THE COURT: Just a moment. Mr. Howie, Mr. Wiseman is being offered as an expert in what field?
MR. HOWIE: The field of real estate appraising.
MR. HERBERT: I don't know that there was any testimony that he's licensed as a real estate appraiser in the State of Mississippi, so on that basis as that stands we would object. We also would object to him being called to offer any opinions with regard to the valuation of sign structures or to give an opinion as to the cost to rebuild sign structures as he's never been accepted as an expert and he's not an expert in that field. And in this case he simply took an opinion given by someone else and is going to offer it as his opinion.
MR. HOWIE: Redirect, Your Honor?
¶ 14. Following a short redirect, the court accepted Wiseman as an expert in the field of real estate appraisal and instructed Martin Outdoor's counsel to object if he felt Wiseman testified "outside his field." The Court did not certify Wiseman as an expert in any field but real estate appraisal. Martin Outdoor argues that Wiseman's valuation is inadmissible because it solely relied on a quote to build a sign given by Memphis Sign Erectors.
¶ 15. Martin Outdoor cites to Bishop v. Mississippi Transp. Comm'n, 734 So.2d 218, 221(¶ 7) (Miss.Ct.App.1999), for the proposition that "the testimony of one expert witness may not serve as a conduit for hearsay about another expert's opinion." There is an exception "[i]f the expertise of the testifying witness is such as to permit that witness's adoption of the statements of a similar expert, then the witness is not a mere conduit." Id. (citing Morley v. Jackson Redevelopment Auth., 632 So.2d 1284, 1293-94 (Miss.1994)). While the supreme court adopted the federal standard for expert witnesses in 2003, the principle addressed in Bishop still holds true. McLemore, 863 So.2d at 40(¶ 25). Thus, the question for this Court is whether the trial court abused its discretion in determining that the quote of Memphis Sign Erectors was the type of statement that an expert would adopt.
¶ 16. Wiseman's testimony was very similar to the testimony of Griffin in Bishop. In Bishop, Griffin testified about a piece of property that had essentially two elements of value, land and timber. Bishop, 734 So.2d at 221(¶ 4). She stated that "she did not have the skills to value timber." Id. at (¶ 7). Griffin testified that she contacted a timber cruiser to obtain the value of the timber. Id. This Court held that she merely passed through the information from another expert when she did not have the skills to value the timber herself. Id. Her timber valuation was held to be inadmissible, because Griffin merely acted as a conduit for the testimony of an expert not testifying at trial. Id. The exception is that the witness is not a mere conduit, if the "expertise of the testifying witness is such as to permit that witness's adoption of the statements of a similar expert." Id. (citing Morley, 632 So.2d at 1293-94). The exception is also spelled out in Rule 703 of the Mississippi Rules of Evidence. It states that an expert's opinion may be based off of inadmissible evidence, such as hearsay, if it is of a type reasonably relied upon by experts in the particular field. M.R.E. 703.
¶ 17. Wiseman testified that he valuated the signs based on a cost-based approach. He contacted Memphis Sign Erectors and obtained a verbal quote of the cost to build an outdoor sign. He then depreciated this amount according to the age of the signs arriving at his valuation. On cross-examination, Wiseman was unable to recall the date on which he spoke with a representative of Memphis Sign *1168 Erectors. He also stated that this was the first time he had used Memphis Sign Erectors for such a quote. Further, Wiseman testified that he did not have any personal knowledge of the experience of Memphis Sign Erectors at building outdoor signs like the ones at issue. While he testified that he had performed hundreds of valuations, Wiseman admitted to only four or five valuations of outdoor advertising signs and that he had never testified to those valuations in court.
¶ 18. Wiseman demonstrated little to no knowledge as to the valuation of a business sign based on the cost approach. He merely called Memphis Sign Erectors, a company he had no personal knowledge about, and depreciated the quote that it gave him. While he did more than the expert in Bishop since he depreciated the figure according to the age of the signs, he demonstrated little more than Griffin's knowledge about timber. Here, as in Bishop, it appears that the expert for valuation, with little knowledge of the property he was appraising, contacted a separate expert and put that information forward as his own opinion. In each case, the appraiser provided an appraisal for the property which fell under their expertise, while someone else provided the value of the remaining property. Bishop, 734 So.2d at 221(¶ 5). Further, there was very little of the required "intellectual rigor" in Wiseman's opinion as demonstrated on cross-examination. McLemore, 863 So.2d at 38(¶ 15) (quoting Kumho Tire Co. v. Carmichael, 526 U.S. 137, 148, 119 S.Ct. 1167, 143 L.Ed.2d 238 (1999)).
¶ 19. Martin Outdoor argues that this testimony should have been stricken from the record and we agree. We hold that the trial court was in error for failing to strike the testimony of Wiseman and that MTC failed to establish a prima facie case with admissible evidence as to the value of the billboards.
¶ 20. Martin Outdoor requests that an additur be granted to conform the verdict to the admissible evidence. Since, the jury verdict was based on inadmissible evidence, the jury "was left to nothing but its own speculative analysis to arrive at a properly discounted figure to represent true value." Williamson v. Lowndes County, 723 So.2d 1231, 1233(¶ 6) (Miss.Ct. App.1998). This necessitates that the verdict be reversed and remanded for a new trial as to the proper value of the billboards taken. Id. at (¶ 7).
B. Evidence as to the value of the land
¶ 21. The Martins also allege that Wiseman's valuation of the land was based upon a factual error and therefore unreliable. The Martins point out that there were two leases that covered the sign sites taken, not one lease for the entire property. The Martins discovered this in the cross-examination of Wiseman. However, they never made an objection or motion to strike the testimony as unreliable. The only time this issue was brought to the attention of the trial court was during their post-trial motions.
¶ 22. Failure to make a contemporaneous objection waives the objection. Copeland v. Copeland, 904 So.2d 1066, 1073(¶ 24) (Miss.2004) (citing De La Beckwith v. State, 707 So.2d 547, 574 (Miss.1997)). "Furthermore, when a party makes an objection on specific grounds, it is considered a waiver regarding all other grounds." Copeland, 904 So.2d at 1073(¶ 24) (citing Burns v. State, 729 So.2d 203, 219(¶ 67) (Miss.1998)). After the testimony of Wiseman, counsel for the Martins and Martin Outdoor made a motion to strike his testimony regarding the valuation of the signs. They did not make an *1169 objection as to the admissibility of Wiseman's testimony as to the value of the land. As such, that objection was waived. Copeland, 904 So.2d at 1073 (¶ 24).
¶ 23. Therefore, we find no merit to this issue.
II. The jury improperly engaged in speculation
¶ 24. This allegation of error consists wholly of possible juror speculation as to the value of the signs. Since we have determined that the valuation of the signs should be remanded, we decline to address this issue.
III. The Martins and Martin Outdoor are entitled to an additur
IV. In the absence of an additur a new trial is warranted
¶ 25. This allegation is primarily based on the premise that all of Wiseman's testimony is inadmissible. The Martins and Martin Outdoor allege that they should not be required to pay for litigation expenses for a new trial due to MTC's error.
¶ 26. Since the issue of the admissibility of Wiseman's valuation of the land was waived, the jury correctly derived its verdict by taking into account the Martins' valuation and MTC's valuation. The damages awarded by the jury were not "contrary to the overwhelming weight of credible evidence" as required by Mississippi Code Annotated section 11-1-55 (Rev. 2000). Therefore, the Martins are not entitled to an additur as to the land.
¶ 27. As to the outdoor advertising signs, we have previously discussed why a new trial is required. Accordingly, this issue is without merit.
¶ 28. The judgment of the Special Court of Eminent Domain should be reversed and remanded as to the valuation of outdoor advertising signs taken and affirmed as to the valuation of the land taken.
¶ 29. THE JUDGMENT OF THE TATE COUNTY SPECIAL COURT OF EMINENT DOMAIN IS AFFIRMED IN PART AND REVERSED AND REMANDED IN PART. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLEE.
KING, C.J., LEE AND MYERS, P.JJ., IRVING, CHANDLER, BARNES, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR.