487 So.2d 1339 (1986)
Bobby Ray ELLIS and Johnnie Myrle Ellis, Owners, Peoples Bank of Mississippi, N.A., Beneficiary, James N. Beebe, Trustee
v.
MISSISSIPPI STATE HIGHWAY COMMISSION.
No. 56320.
Supreme Court of Mississippi.
May 7, 1986.
*1340 Tom P. Calhoun, III, Greenwood, and William Liston, Liston, Gibson & Lancaster, Winona, for appellants.
John M. Sumner, Winona, for appellee.
Before PATTERSON, C.J., and DAN M. LEE and ROBERTSON, JJ.
ROBERTSON, Justice, for the Court:

I.
This eminent domain proceeding arises from the September 5, 1984 taking of 3.02 acres of partly level (2 acres) and partly gullied (1.02 acres) property located at the intersection of Highways 51 North and 82 East in Winona, Montgomery County, Mississippi. The subject property was owned by Bobby Ray Ellis and Johnnie Myrle Ellis (hereinafter jointly "Ellis"), subject to a mortgage in favor of Peoples Bank of Mississippi, N.A.
The jury assessed damages at $14,030.00 for the total taking of the property. Motivation for this appeal is Ellis' fervent conviction that the jury's damage assessment was substantially inadequate. We affirm.

*1341 II.
One issue in the case regards the proffered testimony of William McKellar, President of Peoples Bank of Mississippi, N.A., in Grenada, Mississippi. The record reflects that the Peoples Bank had made a loan to Ellis approximately a year before the taking and held a deed of trust on the property to secure repayment of the loan. In that context, Ellis sought to establish the amount of the loan arguing that such was evidence of value.
Without doubt, an officer of a bank or lending institution who has appraised property to be taken as security for a loan may in a condemnation proceeding give his opinion regarding the fair market value of same. Times Square Realty, Inc. v. City of Grenada, 421 So.2d 1053, 1055-56 (Miss. 1982). Even where the officer has not personally appraised the property, he may testify to facts within his knowledge regarding the value of the property.
Here, by way of contrast, McKellar had made no personal appraisal of the property. He did not know Ellis. He conceded that he had no personal knowledge of the loan transaction. He indicated that the Bank's file contained an appraisal made by Frank Herring of Winona to the effect that the value of the property was $65,000.00. McKellar also testified that the Bank's loan guidelines provided that the Bank would make a loan up to 50 percent of the appraised value of the collateral. Ellis sought to suggest that this testimony would be admissible as it would tend to establish value, viz. the Bank would not have made a loan of $20,000.00 unless the property had been appraised for at least $40,000.00.
On careful review, we find McKellar's proffered testimony so speculative and without foundation and personal knowledge that the trial judge was within his discretion in holding it inadmissible. McKellar offered no testimony that the Bank's general guidelines were followed in the case at bar. He did not know Mr. Ellis and offered no testimony regarding the extent to which Ellis' personal credit may have been the basis of the loan.
Transactions regarding the property in issue  whether sales or secured transactions  may certainly be the subject of testimony in a condemnation proceeding. Rollie Johnson Plumbing & Heating v. State Department of Transportation, 70 Wis.2d 787, 235 N.W.2d 528, 532 (1975); 4 Nichols on Eminent Domain § 12.43 (Rev.3d ed. 1985). But that testimony may be given only by one having proper knowledge and after proper foundation has been laid. The business records exception to the hearsay rule avails Ellis nothing. McKellar did not testify that the records had been kept with sufficient specificity to provide a sufficiently reliable indicia of value to qualify for admissibility. The trial judge was within his discretion in denying admission of the appraisal opinion of Frank Herring which was in the Ellis loan file.[1]

III.
The next assigned error is the giving of Instruction P-4 set out below.
The Court instructs the jury that in considering the best and highest use of the subject property mere speculative uses cannot be considered. There must be some probability that the land would be used within a reasonable time and for the use for which it is particularly adapted. There must be a present demand for the land for such purposes or a reasonable expectation of such demand in the near future.
Ellis urges that we hold that, in order to prevent confusion and promote "clear logic", the instruction on fair market value should contain the appropriate definition of that term, and where this is done, no specific instruction need be given for "special damages" or "speculative uses". "These elements should logically be left to the field of testimony and argument... ."
*1342 We do not see how it may seriously be argued that the instruction misstates the law. Smith v. Miss. State Highway Comm., 423 So.2d 808, 818-20 (Miss. 1982). At worst it is a mildly abstract instruction given in the context of a record containing few, if any, suggestions regarding "speculative uses". A correct general definition of fair market value was given in Instruction P-1 and D-4. In this context, the assignment of error must be denied.

IV.
The last two assignments of error will be analyzed jointly, for in substance they charge the same deficiency in the proceeding below. Ellis argues that the Highway Commission failed to meet its burden of proof and that the jury verdict is contrary to the overwhelming weight of the verdict.
The condemnor has the burden of proving the value of the condemned property.
The reason for placing the burden on the condemnor is that if it offers no evidence of the value of the property taken there is no basis for awarding any damages and there could be no compliance with Section 17, Mississippi Constitution. Therefore, failure of condemnor to offer proof of the value of the property taken would require dismissal of the proceedings. (249 Miss. at 201-202, 161 So.2d at 781).
The only burden on the condemnor is simply to go forward with enough evidence as to the damages suffered by the landowner to make out a prima facie case, ... Whether the condemnor has made a prima facie case is a question of law to be determined by the Court. After a prima facie case has been made out by the condemnor, then, if the landowner expects to receive more compensation than that shown, he must go forward with the evidence showing such damage.
Miss. State Highway Comm. v. Crooks, 282 So.2d 232, 235 (Miss. 1973).
The evidence reflects a variety of conflicting opinions regarding the value of the property taken. The Highway Commission's appraiser, Robert Hinton, gave a credible opinion that the value of the condemned property at the time of the taking was $14,030.00. The fact that other witnesses called by the landowners  Robert Barksdale Smith, an expert appraiser, and Frank Herring, President of North Central Savings & Loan Association  gave higher values is beside the point. Similarly, the Highway Commission is in no way bound by the report of independent appraiser, Sidney Branch, who valued the property at $19,830.00. The matter of the value of the property was submitted to the jury on proper instructions. The jury found that the damages sustained by the Ellises as a result of the taking was $14,030.00. Under our familiar rules, that determination is beyond our authority to disturb. See, e.g., Trustees of Wade Baptist Church v. Mississippi State Highway Commission, 469 So.2d 1241, 1245 (Miss. 1985); Mississippi State Highway Commission v. Baker, 241 Miss. 738, 133 So.2d 277, 278-79 (1961). This is particularly so where, as here, the jury has personally viewed the premises. Mississippi State Highway Commission v. Turnipseed, 236 Miss. 764, 111 So.2d 925 (1959).
AFFIRMED.
PATTERSON, C.J., WALKER and ROY NOBLE LEE, P.JJ., and HAWKINS, DAN M. LEE, PRATHER, SULLIVAN and ANDERSON, JJ., concur.
NOTES
[1] The record reflects that Herring gave personal testimony regarding the value of subject property, materially at variance with the $65,000.00 appraised in the Ellis loan file at the Bank.