PIERCE, Justice,
for the Court:
¶ 1. This appeal arises from a dispute over just compensation in an eminent-domain proceeding between Lavon W. Coleman, a landowner in DeSoto County, and the Mississippi Transportation Commission (MTC), which sought to acquire 18.61 acres of Coleman’s land for Interstate 269. At trial, Coleman sought to introduce evidence of the initial offer made by MTC to Coleman for her property and the first appraisal report garnered by MTC to determine the property’s value, and to cross-examine MTC’s appraiser about his first appraisal, as evidence that she was due more compensation than the significantly lower valuation introduced by MTC at the subsequent condemnation proceeding. The trial court subsequently denied these requests. Following a directed verdict in favor of MTC, Coleman appeals to this Court, arguing the trial judge erred by prohibiting reference to MTC’s initial offer and its quick-take deposit, and by preventing cross-examination of MTC’s appraiser on his valuation. We find the lower court’s decision to prevent cross-examination of MTC’s appraiser on his first appraisal constitutes reversible error. Accordingly, we reverse the order granting directed verdict in favor of MTC and remand this case to the Special Court of Eminent Domain of DeSoto County for further adjudication consistent with this opinion.
FACTS AND PROCEDURAL HISTORY
¶ 2. In early February 2010, prior to the initiation of any litigation, MTC was required by Section 43-37-3 of the Mississippi Code to appraise Coleman’s property and to make a fair-market-value offer. See Miss.Code Ann. § 43 — 37—3(l)(c)(i) (Supp.2014). MTC hired an appraiser, William Milton, who completed an appraisal on Coleman’s land before the initiation of the suit. In its brief, MTC admits “[Milton] valued the property at $380,300 ... and [MTC] made an offer of compromise and settlement to the landowner of $380,000 by letter dated February 22, *549 2010.”[1]
¶ 3. On September 17, 2010, MTC filed an eminent-domain complaint against Coleman in the Special Court of Eminent Domain in DeSoto County. The property was condemned pursuant to Section 11-27-81 of the Mississippi Code for immediate right of title and possession under the “quick-take statutes.” See Miss.Code Ann. § 11-27-81 (Rev.2004). Later that month, on September 30, 2010, the court appointed an independent appraiser pursuant to Section 11-27-83. On October 8, 2010, the appraiser returned his valuation of Coleman’s property in the amount of $288,455. Following the court-directed appraisal, Milton appraised the land for a second time, now'stating the property was worth $289,400, or roughly $100,000 less than his initial appraisal eight months earlier of $380,300.
¶ 4. On October 21, 2010, the court granted MTC immediate possession. On November 5, 2010, MTC made a “quick-take” deposit of $381,300 with the court, $1,000 of which was intended to pay the court-appointed appraiser. On December 22, 2010, MTC filed its Statement of Value in the amount of $289,400.[2] Coleman was required by Section 11-27-7 to submit her own Statement of Value but did not do so until after the statutory period for filing had expired and only upon a later order made by the cpurt. In the Statement of Value that Coleman ultimately submitted in September 2012, she claimed just compensation due was either $724,310 or $799,000, depending on whether an easement was granted on part of the subject land.
¶ 5. On February 23, 2011, the court authorized Coleman to withdraw the entirety of the quick-take deposit. That day, Coleman withdrew $380,300. After the court granted three continuances to Coleman, trial was scheduled for March 4, 2013. On the morning of trial, Coleman made an ore terms motion to introduce evidence of the quick-take deposit and to cross-examine MTC’s appraiser about his prenegotiation appraisal.[3] The trial judge denied Coleman’s motion to introduce evidence of the deposit and prohibited any reference to any valuation prior to the September 17, 2010, filing date, as this was the “date of taking” used for valuation in condemnation proceedings per statutory authority in Section 11-27-19 of the Mississippi Code. See Miss.Code Ann. § 11-27-19 (Rev.2004). In denying Coleman’s motion, the trial judge stated,
[Wjhat I do know is that the money was deposited after filing of the complaint. Eminent Domain cases are unique in that some of these offers are mandated by statute. They’re required to be made.... All I do know based on what has been presented to me, this money, the morning of trial, is that the money was tendered after the claim had arisen, and the claim arises when the complaint is filed, September 17, 2010. The money was deposited a couple of months later.

*550
And, therefore, I find on what is before me that this is an offer of settlement and compromise and should be excluded.

(Emphasis added.) The trial continued, and MTC presented its prima facie case on public need and the just compensation it believed it owed to Coleman. In support of MTC’s just-compensation figure of $289,400, declared in its prior Statement of Values, MTC tendered the opinion of its appraiser Milton, who also had appraised the property for the amount of $380,300 before suit was filed pursuant to Section 43-37-3 (although, per the judge’s orders, this other appraisal could not be referenced). Milton testified just compensation due to Coleman was $289,400.
¶ 6. After MTC had presented its case, it made an ore tenus motion to exclude Coleman’s valuation expert, Bill Sexton. Sexton intended to testify that Coleman’s property was worth $799,000. MTC argued Sexton’s opinion and report should be excluded because Sexton could not explain his appraisal methods. The trial judge agreed, and Sexton was excluded pursuant to Mississippi Rule of Evidence 702. Coleman does not contest this ruling.
¶ 7. Following exclusion of Coleman’s expert, MTC moved for a directed verdict in the amount of $289,400. The trial judge sustained the motion and then entered an order to that effect on March 8, 2013, nunc pro tunc to March 5, 2013. The Order Granting Directed Verdict provided:
This day, this cause came on to be heard upon Mississippi Transportation Commission’s motion ore tenus for a directed verdict of $289,400.00 for just compensation due the Defendant, Lavon W. Coleman and the Court having considered same, and pursuant to and consistent with MRCP 50, sustained such motion. The court previously excluded the value testimony of Defendant’s appraisal witness and found the only value testimony regarding the subject property in evidence was that of Plaintiffs appraisal expert. Pursuant to Gulf South Pipeline v. Pitre, 35 So.3d 494 (Miss.2010),[4] once the plaintiff makes a prima facie case for damages, the burden shifts to the landowner. For the landowner to receive more compensation than is shown, he must go forward with evidence showing such damage. The Defendant/Landowner was unable to provide such evidence to the jury. As no question of fact existed for the jury to consider, the Court granted the Plaintiffs motion.
It is therefore ordered that Mississippi Transportation Commission’s Motion for Directed Verdict be sustained and that amount of just compensation for the land owner, Lavon W. Coleman.
¶ 8. Following issuance of the order, Coleman moved for a new trial under Mississippi Rule of Civil Procedure 59. In her motion, Coleman claimed she was improperly restricted from putting forth contrary evidence of value because the judge had excluded all reference to the government’s initial $380,300 offer and deposit. Coleman further asserted that, had the judge allowed reference to this evidence, Coleman would have had factual support for her contention that the property was worth substantially more than $289,400. Moreover, Coleman asserted, if contrary factual evidence had been allowed, its ad *551 mission would have precluded a directed verdict. Additionally, Coleman would have had the opportunity to cross-examine MTC’s witnesses about the deposit. After the motion was denied, Coleman appealed to this Court, raising the following issues, which have been consolidated as follows:
I. Whether the trial court erred when it prohibited reference to and cross-examination about the quick-take deposit, MTC’s initial offer, MTC’s prenegotiation appraisal report, and impeachment questioning of MTC’s appraiser.
II. Whether the trial court erred when it granted MTC’s motion for a directed verdict.
ANALYSIS
¶ 9. This Court reviews a trial judge’s decision to admit or deny evidence under an abuse-of-discretion standard. If an error involves the admission or exclusion of evidence, this Court will not reverse unless the error adversely affects a substantial right of a party. Robinson Prop. Group, L.P. v. Mitchell, 7 So.3d 240, 243 (Miss.2009).
I. Whether the trial court erred when it prohibited reference to and cross-examination about the quick-take deposit, MTC’s initial offer, MTC’s prenegotiation appraisal report, and impeachment questioning of MTC’s appraiser.
¶ 10. The Mississippi Constitution states that “[p]rivate property shall not be taken or damaged for public use, except on due compensation being first made to the owner or owners thereof....” Miss. Const, art. 3, § 17 (1890). In eminent-domain eases, “[t]he condemnor has the burden of proving the value of the condemned property.” Ellis v. Miss. State Highway Comm’n, 487 So.2d 1339, 1342 (Miss.1986). “After a prima facie case has been made out by the condemnor, then, if the landowner expects to receive more compensation than that shown, he must go forward with the evidence showing such damage.” Id. (quoting Miss. State Highway Comm’n v. Crooks, 282 So.2d 232, 235 (Miss.1973)). Eminent-domain proceedings are against the property itself; they are in the nature of in rem proceedings, and compensation must be based upon the property itself. Trustees of Wade Baptist v. Miss. State Highway Comm’n, 469 So.2d 1241, 1244 (Miss.1985).
¶ 11. On appeal, Coleman asserts that the trial judge erred by prohibiting reference to MTC’s quick-take deposit, MTC’s initial offer prior to filing the condemnation complaint, and MTC’s prenegotiation appraisal, in addition to forbidding examination of MTC’s appraiser, Milton, on his earlier appraisal. Relying on Morley v. Jackson Redevelopment Authority, 632 So.2d 1284, 1291 (Miss.1994), and United States v. 320.0 Acres of Land, 605 F.2d 762 (5th Cir.1979), we find Coleman is correct in her assertion that the trial judge’s exclusion of the initial appraisal and cross-examination thereon was reversible error.
¶ 12. Mississippi Rule of Evidence 402 provides that “[a]ll relevant evidence is admissible, except as otherwise provided ... by these rules. Evidence which is not relevant is not admissible.” M.R.E. 402. And Mississippi allows wide-open cross-examination on any matter that is relevant. Anthony v. State, 108 So.3d 394, 397 (Miss.2013). Under Rule 403, “evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice.” M.R.E. 403.
¶ 13. Coleman is correct in her assertion that admission of the first appraisal report, and reference thereto, should • have been permitted. Milton’s earlier appraisal is relevant and admissi *552 ble under Rule 402 for the purpose of determining the amount of just compensation due to Coleman. In light of Rule 403, we note that MTC has not made any argument regarding unfair prejudice if evidence of Milton’s first appraisal were admitted. We also note the special importance of Coleman’s constitutional rights at issue, specifically under the Fifth Amendment. Coleman also is correct in her assessment of MTC’s position that the initial appraisal should be excluded as an offer of settlement, as Coleman distinguishes the act of the deposit from the basis for the initial offer and deposit amount. In her brief, Coleman asserts:
MTC takes the position that nothing .about the quick take deposit is admissible, not its sum, not its basis, not who decided it should be a particular figure, not anything. Landowner concedes and agrees that the issue is the value at the time of the take, but the basis for MTC value at that time is the testimony of William Milton. William Milton, in addition to valuing the property at $289,400, also valued it at $380,300. This is the specific line of questions that the Landowner was not allowed to ask Milton during Landowner’s cross examination of Milton at trial....
The 2009 Milton appraisal in the sum of $380,300 was the basis of the quick take deposit in that exact same sum, but there is no evidence showing the appraisal was ever given to the Landowner. It was not even “presented in the course of’ the offer. The fact of the quick take deposit itself may be excluded by MRE 408 ... [but] the fact of the circumstances leading to and surround the offer, are not inadmissable. To hold otherwise stretches Rule 408 outside [sic] of its bounds.
And we agree. Rule 408 is inapplicable to an appraisal. Appraisals are not offers, despite the fact that appraisals often are conducted in order to prepare offers. And to initiate condemnation of a property, the condemning agency is statutorily required to both conduct an initial appraisal and to make the landowner a fair-market-value offer; however, for purposes of evidentiary admission, the appraisal and the offer are treated differently. See M.R.E. 601(b); Miss.Code Ann. § 11-27-83 (Rev.2004). In Morley, this Court reviewed the eminent-domain proceedings between the Jackson Redevelopment Authority (JRA) and a landowner, where the JRA maintained its initial offer and appraisal report were protected under Rule 408. Morley, 632 So.2d at 1292. As stated earlier, Rule 408 is inapplicable to appraisals, but, concerning the statutorily mandated offer, this Court held “No claim existed until JRA filed the petition to condemn the property after their offer based on the Davis appraisal was rejected by the owners.” Id. This Court reasoned:
JRA cites several federal cases for the proposition that anything prepared during the settlement negotiations is inadmissible under Rule 408. These cases do not apply to this case, however, since this appraisal was made before the petition was filed and any need for negotiations had arisen. Even though the threat of an eminent domain proceeding may have been looming on the horizon, the record reveals more of an arms-length bargaining process such as might be entered between private parties. We have an offer, a rejection and then a higher offer, not the type of dispute over a “claim” contemplated by Rule 408.
Morley, 632 So.2d at 1292. Thus, this Court’s position on the admission of this specific type of offer is clear: offers of compromise, in condemnation proceeds, cannot occur prior to the filing of a com *553 plaint.[5] We clarify Morley to the extent that it may be read to suggest that Rule 408 excludes only offers presented after a complaint has been filed. The rule provides, in pertinent part, that offers to compromise are those “ - attempting to compromise a claim which was disputed....” (Emphasis added.) Filing a complaint, in condemnation proceedings, gives rise to a claim for just compensation; but eminent-domain matters are uncommon in this respect. A just-compensation claim, in this context, is unlike the vast majority of other legal claims; that is, other claims arise at the moment that some breach or injury occurs, whereas a just-compensation claim exists only upon the condemning agency’s action to condemn. Morley correctly held a claim did not arise until the JRA had filed its complaint. Therefore, we note that the reasoning employed by this Court in Morley applies only to cases where the underlying legal claim could only have arisen at or after the time the complaint was filed.
¶ 14. As noted by Coleman, MTC cannot distinguish Morley from the instant facts. In Morley, two appraisals were conducted by two different appraisers hired by the condemning authority, where the first appraisal was higher and the second was lower. After offers were made on the basis of each of the two appraisals, and both offers were rejected, the landowner and the condemning authority continued to trial. At trial, the condemning authority was granted a motion in limine that ex-eluded reference to the earlier, higher appraisal and the court allowed only the lower appraisal to be presented to the jury. This Court reversed and remanded the case in Morley, finding that “the trial court’s decision to grant the motion in limine prevented the owners from entering into evidence or using as impeachment the highly relevant appraisal done by [the appraiser who came to a higher valuation].” Morley, 632 So.2d at 1292. Here, Coleman seeks to introduce evidence of a nearly $100,000 difference in appraisals conducted by the same appraiser in a relatively short amount -of time, where the property was unchanged. In Morley, this Court reversed to allow two different appraisers to testify to their differing valuations, and here, where a single appraiser has produced two significantly different valuations, Coleman should be able to elicit testimony and admit evidence on both.
¶ 15. We find that MTC’s first appraisal, in addition to cross-examination thereon, should have been available to the jury for consideration of MTC’s prima facie demonstration of value and Coleman’s claim to just compensation. Because the appraisal was erroneously excluded under Rule 408, where that rule did not apply, this exclusion was reversible error. We note that the appraisal, like all proffered evidence, is still subject to the Rule 403 considerations discussed earlier.
¶ 16. Concerning Coleman’s contention that exclusion of the quick-take *554 deposit and the initial offer also constituted error, we find that, having been excluded subject to Rule 408, such exclusion was erroneous, as neither the offer nor the deposit is the type of “offers of compromise” covered by Rule 408. It may be the case on remand, however, that evidence of the deposit or offer is inadmissable under Rule 403.
II. Whether the trial court erred when it granted MTC’s motion for a directed verdict.
¶ 17. “This Court conducts a de novo review of motions for directed verdict.... If the Court finds that the evidence favorable to the non-moving party and the reasonable inferences drawn therefrom present a question for the jury, the motion should not be granted.” Entergy Mississippi, Inc. v. Bolden, 854 So.2d 1051, 1055 (Miss.2003) (internal citations omitted). This Court will consider the evidence in the light most favorable to the nonmovant, giving that party the benefit of all favorable inferences that reasonably may be drawn from the evidence to decide if the facts so considered point so overwhelmingly in favor of the movant that reasonable jurors could not have arrived at a contrary verdict. Cousar v. State, 855 So.2d 993, 998 (Miss.2003). If reasonable jurors could not have arrived at a different verdict, the grant of a directed verdict must be affirmed on appeal. Id. On the other hand, if there is substantial evidence, that is, evidence of such quality and weight that reasonable and fair-minded jurors in the exercise of impartial judgment might have reached different conclusions, this Court cannot affirm the grant of a directed verdict. Id.
¶ 18. In Morley, this Court held, “The rule allowing one party to call the other’s appraiser is based on the courts’ view that ‘an expert’s opinion, when formed, and observation, when made, are facts and that i every litigant is entitled to present all of the facts in support of his position.’ ” Morley, 632 So.2d at 1292 (citing Nichols, Law of Eminent Domain § 23.08(4) (Supp; 1990)). As was the case in Morley, the lower court, on remand, should allow Coleman to examine Milton as a witness to explain his. appraisal report.[6] The jury, upon deliberation, may find this examination probative for determining compensation. Coleman is entitled to elicit this testimony before the jury, per authority in Morley, and in light of her burden, per Ellis v. Mississippi State Highway Commission, 487 So.2d 1339 (Miss.1986).[7] Because the trial judge incorrectly ruled Coleman had no evidence that greater compensation was due than MTC offered in its statement of value and on that basis granted a directed verdict, we find this ruling improper.
CONCLUSION
¶ 19. This Court reverses the directed verdict granted in favor of MTC and remands for further adjudication consistent with this opinion.
¶ 20. REVERSED AND REMANDED.
*555 WALLER, C.J., DICKINSON AND RANDOLPH, P.JJ., LAMAR, KITCHENS, CHANDLER, KING AND COLEMAN, JJ., CONCUR.

. Because MTC filed suit seven months after making its February 2010 offer, MTC's letter is not properly categorized as "an offer of compromise and settlement,” although it is one of MTC’s primary contentions that reference to or cross-examination about the offer was properly excluded at trial per Mississippi Rule of Evidence 408.

. The Statement of Value operates similarly to. a pleading, whereby MTC declares the amount of just compensation it asserts Coleman is due for the taking and severing of her property and compensation for any damage done to the remainder.

.MTC incorrectly asserts that Coleman moved only to admit evidence of the deposit, however the motion sought to admit the deposit, the prenegotiation offer, and to cross-examine MTC’s appraiser on the disparity in value between his two appraisal reports.

. The Gulf South Pipeline case does not stand for the proposition the trial judge attributes to it, however the burden of proof does shift to the landowner after the condemning agency has made its prima facie case. See Ellis v. Miss. State Highway Comm’n, 487 So.2d 1339, 1342 (Miss.1986).

. The Fifth Circuit found similarly United States v. 320.0 Acres of Land, 605 F.2d 762 (5th Cir.1979). In that case, the landowner sought to have the first appraisal made by the Department of the Interior admitted into evidence in addition to its second, lower valuation as an admission against interest and for impeachment of the Department’s appraiser. After the trial court ruled the first appraisal was inadmissible, the Fifth Circuit ruled that the appraisal and the Department’s statement that the appraisal represented the best estimate of just compensation were not to be excluded under the federal counterpart to Mississippi Rules of Evidence 408, which is virtually identical to Mississippi's Rule 408. The court held, technically, no “disputed claim” existed in the case until eminent-domain proceedings were initiated; thus Federal Rules Evidence 408 did not apply by its own language. Id. at 824-25.

. To limit prejudice, reference may not be made to the fact that MTC hired Milton to conduct the appraisal. See Morley, 632 So.2d at 1293 (holding "in order that the jury not be swayed by prejudice, neither party shall inject that the appraisal was made at the request of [the condemning authority]”).

. See Ellis, 487 So.2d at 1342 ("After a prima facie case has been made out by the condem-nor, then, if. the landowner expects to receive more compensation than that shown, he must go forward with the evidence showing such damage.”) (quoting Miss. State Highway Comm’n v. Crooks, 282 So.2d 232, 235 (Miss.1973)).